BRANDON BELLOW
v.
JENNIFER R. PRIMEAUX
No. 08-1421.
Court of Appeals of Louisiana, Third Circuit.
May 6, 2009.
Not for Publication.
EDWARD KING ALEXANDER, Jr., Counsel for Plaintiff/Appellant, Brandon Bellow.
CATHERINE STAGG, Counsel for Defendant-Appellee, Jennifer R. Primeaux.
Court composed of COOKS, PICKETT and EZELL, Judges.
COOKS, Judge.
On March 17, 2008, Jennifer Primeaux, a major resident of Calcasieu Parish, gave birth to K.P. The child was born out of wedlock and Jennifer left blank the place for entry of the father's name on the birth certificate. Brandon Bellow and Jennifer were in an intimate relationship during the approximate time of conception of K.P. Brandon asserted he was informed early in the pregnancy by Jennifer that he was the father. Jennifer was not married at the time of birth, nor to any person within three hundred (300) days prior to said birth. Thus, no one was legally presumed to be the father. Brandon arranged, with the cooperation of Jennifer, paternity testing which established he was the father of K.P.
On May 20, 2008, Brandon filed a Verified Rule for Custody and Support, seeking custody, visitation and to provide support for K.P. Named Defendant-in-Rule was Jennifer. Brandon sought split custody and in the alternative sought an order establishing regular visitation if he did not receive physical custody. Brandon also requested that K.P. be added to his health insurance and that K.P.'s surname be changed to reflect his father's surname.
The matter was allotted to the Family Division of the district court. The Hearing Officer ordered the parties to exchange and provide documents establishing their income. A hearing was set for July 7, 2008. According to Brandon, he appeared at the hearing and provided pay stubs which established his income was $1,937.00 per month. Jennifer provided no income documentation but only her testimony that she worked through a temporary staffing agency at the rate of $7.00 per hour. This hourly figure was calculated to provide a monthly income of $1,213.00 per month, which the Hearing Officer accepted as Jennifer's monthly income for her computations. Using these figures the Hearing Officer determined that Brandon owed $525.00 per month in child support. The Hearing Officer signed off on the Support Proceedings form on July 7, 2008.
Brandon believed that Jennifer's income was in excess of $1,213.00 per month and stated he filed on July 10, 2008 a "Request for District Judge Hearing on Custody, Visitation and Support." Despite the filing of that pleading, the Hearing Officer checked the box on the Support Proceedings form that provided "No motion for Judge hearing has been timely requested" and again signed the form on July 21, 2008. Below that appears on the pre-printed form the heading "JUDGMENT" which provided as follows:
Consider [sic] the recommendations of the Hearing Officer and no request for a hearing before a Judge having been filed.
IT IS ORDERED, ADJUDGED, AND DECREED that the recommendations herein made are hereby declared to be the Judgment of the Court.
The District Judge then signed the form on July 22, 2008. No reasons for judgment other than those contained in the pre-printed court form quoted above were given. A letter Notice of Judgment was sent to Brandon's trial counsel on July 28, 2008. A Motion for Appeal was granted on August 20, 2008.

ANALYSIS
On appeal Brandon contends the District Judge erred in finding no request for a judge hearing was filed. He argues his filing of the "Request for District Judge Hearing on Custody, Visitation and Support" filed on July 10, 2008 was sufficient to entitle him to a judge hearing in this matter. We find merit in this argument.
Brandon disagreed with the Hearing Officer's support findings based on his belief that Jennifer was not truthful concerning her income. On July 7, 2008, the Hearing Officer signed the Support Proceedings form which concluded that Brandon owed $525.00 in child support. Immediately following the line where the Hearing Officer's signed her name, was the following provision:
****EITHER PARTY MAY REQUEST A HEARING BEFORE THE JUDGE BY FILING APPROPRIATE MOTION WITH THE CLERK OF COURT 10 DAYS AFTER TRANSMITTAL OF THE HEARING OFFICER'S RECOMMENDATION***
Below that provision is a box next to the following statement: "No motion for Judge hearing has been timely requested." This box was checked off under which the Hearing Officer signed her name and dated the form July 21, 2008. Thus, we can only conclude the Hearing Officer did not believe Brandon filed an "APPROPRIATE MOTION WITH THE CLERK OF COURT 10 DAYS AFTER TRANSMITTAL OF THE HEARING OFFICER'S RECOMMENDATION" which occurred on July 7, 2008. However the record before us contains a motion styled "Request for District Judge Hearing on Custody, Visitation and Support" filed on July 10, 2008 with the Clerk of Court's Office. The "Request" motion read as follows:
The Petitioner-in-Rule BRANDON BELLOW hereby respectfully requests a hearing before the allotted District Judge in this matter with respect to all findings and recommendations of the Hearing Officer dated July 7, 2008, and for trial of all issues raised in his original Rule Nisi, which is currently set for hearing before Hon. Lilyn Cutrer on Tuesday, July 29, 2008 at 1:30 P.M.
We can derive no reason why Brandon's "Request for District Judge Hearing on Custody, Visitation and Support" would not be deemed an appropriate motion. The record is devoid of any reasons given by the Hearing Officer or District Judge as to why it was deemed Brandon did not file a motion for judge hearing. Counsel for Brandon stated he immediately went to the clerk's office upon receiving the judgment. He presented his stamped copy of the "Request for District Judge Hearing on Custody, Visitation and Support" to the staff at the Family Court. According to counsel, he was told "[t]hat's nothing. It didn't have an order with it for the judge to set a hearing, so it doesn't do anything." However, there was no denial of the motion in the record, nor did Brandon's counsel ever receive notice that the filing was deficient.
The United States Constitution and Louisiana Constitution guarantee an individual the right to due process of law. La.Const. art. 1, § 2. At a minimum, due process requires an opportunity to be heard and notice be given an individual. In this case, we find Brandon was denied his right to be heard before the District Court. Therefore, we reverse the judgment and remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed against appellee, Jennifer Primeaux.
REVERSED AND REMANDED.